UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENAN BAILEY WILHITE,

    Plaintiff,

v.

C/O WARRENER,

    Defendant.

Case No. 24-12364

Honorable Robert J. White

## ORDER SUMMARILY DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Keenan Bailey Wilhite's prisoner civil rights complaint. *See* ECF No. 1. Plaintiff is incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan and has been allowed to proceed without prepayment of fees under 28 U.S.C. § 1915(a). *See* ECF No. 7. For the following reasons, the Court will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B).

### I. Background and Legal Standards

*Pro se* complaints are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the Court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v.*

*Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A frivolous complaint "lacks an arguable basis either in law or in fact"—*i.e.*, it rests on "an indisputably meritless legal theory," "clearly baseless" facts, a nonexistent legal interest, or "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). An implausible complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). And an immunity-barred complaint is just that—one that cannot proceed because it seeks damages from a defendant who is shielded from such pursuits.

Here, Plaintiff seeks monetary damages for an alleged Eighth Amendment violation under 42 U.S.C. § 1983 over an incident that occurred while Plaintiff used the prison shower. Plaintiff does not allege that the defendant, Correctional Officer Warrener, made any physical contact with Plaintiff or initiated unwanted touching of any kind. *See* ECF No. 1, PageID.3. Rather, Plaintiff says that while showering alone (because Plaintiff is a transgender woman), Defendant approached the shower, opened the privacy curtain, and told Plaintiff, "[i]t's not fat like you said it is"— presumably making reference to Plaintiff's genitalia. *Id.* Plaintiff claims to have reported the incident to a John Doe prison sergeant who responded by refusing Plaintiff's request to file a complaint under the Prison Rape Elimination Act ("PREA"). *Id.*

2

**II.  Analysis**

To the extent they arise under 42 U.S.C. § 1983, Plaintiff's claims cannot proceed.  *See* ECF No. 1, PageID.4.  To stave off dismissal, Plaintiff had to sufficiently allege (1) a deprivation of a right, privilege, or immunity secured for Plaintiff by the Constitution or federal law, (2) by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *accord Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 35 F.4th 459, 468 (6th Cir. 2022).  Plaintiff fails to do so here.

Unfortunately for Plaintiff, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  The Sixth Circuit "repeatedly has held," for example, "that the use of harassing or degrading language by a prison official," like Defendant's alleged language here, "although unprofessional and deplorable, does not rise to constitutional dimensions."  *Flowers v. Wahtola*, No. 21-10841, 2021 WL 2351096, at *2 (E.D. Mich. June 8, 2021) (citing *Ivey* and summarily dismissing complaint).  And allegations, like Plaintiff's here, of "isolated, brief, and not severe instances of sexual harassment do not give rise to Eighth Amendment violations," either.  *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1095-96 (6th Cir. 2019) (cleaned up).  That's because Defendant's alleged conduct, while "inappropriate or unprofessional,"

3

included no physical contact, and "did not amount to wanton infliction of pain." *Jackson v. Schaff*, No. 2:17-CV-10492, 2017 WL 1279223, at *3 (E.D. Mich. Apr. 6, 2017) (summarily dismissing complaint because guard's "unwanted touching of Plaintiff's buttock and breast … did not rise to the level of an Eighth Amendment violation"); *see also De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) (alleged threatening or intimidating comments by officer to pre-operative transsexual inmate undergoing hormone therapy for Gender Identity Disorder failed to give rise to Eighth Amendment claim).

Indeed, even if Plaintiff had alleged that Defendant's "offensive sexual remarks" accompanied a "[m]inor isolated incident[] of touching" (Plaintiff did not), Plaintiff's claim still would "not rise to the level of an Eighth Amendment violation." *Carter v. Washington*, No. 2:19-cv-12085, 2019 WL 4054879, at *2 (E.D. Mich. Aug. 28, 2019) (quoting *Solomon v. Michigan Dep't of Corr.*, 478 Fed. App'x 318, 320 (6th Cir. 2012) and summarily dismissing complaint where alleged "contact was brief"). For these reasons, the Court must dismiss Plaintiff's 42 U.S.C. § 1983 complaint against Correctional Officer Warrener. *See* 28 U.S.C. 1915(2)(2)(B).

To the extent Plaintiff tries to raise another claim or rope in a second defendant, the effort fails. The Court will summarily dismiss as frivolous Plaintiff's claims to the extent Plaintiff brings them under the PREA, *see McGibbon v. Stephenson*, No. 22-12167, 2023 WL 1819152, at *2 (E.D. Mich. Feb. 8, 2023)

4

("The PREA does not create a private cause of action."), and to the extent Plaintiff seeks relief for the John Doe sergeant's alleged denial of Plaintiff's request to file a PREA grievance—both because Plaintiff neither included the John Doe as a defendant here, *see* ECF No. 1, PageID.2, nor "demonstrate[d] that [the John Doe] defendant[] [was] involved personally in [Defendant Warrener's] misconduct." *Flowers*, 2021 WL 2351096, at *3 (explaining authority barring claims against supervisors when allegations are insufficient).

\* \* \* \*

For the reasons given, the Court ORDERS that the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis*, because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: October 21, 2024            s/Robert J. White
                                   Robert J. White
                                   United States District Judge